UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

| Case No. | CR 09–466 DSF | | Date | 1/31/13 |
|---|---|---|---|---|

| Present: The Honorable | DALE S. FISCHER, UNITED STATES DISTRICT JUDGE |
|---|---|
| Interpreter | Not Present |

| Debra Plato | Not Present | Not Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| 5) Carlos Cuentas | NOT | X | | 5) Thomas Nishi | NOT | X | |
| 7) Juan Fuentes | NOT | X | | 7) Peter Johnson | NOT | X | |
| 10) Paul Cortez Jovel | NOT | X | | 10) Michael J. Treman | NOT | X | |
| 13) Pedro Lopez | NOT | X | | 13) Mark F. Fleming | NOT | X | |
| 16) Kelvin Melgar | NOT | X | | 16) Stephen G. Frye | NOT | X | |

**Proceedings:** (IN CHAMBERS) Order DENYING Defendants' Motion to Dismiss (Docket Nos. 1272, 1294, 1300) and DENYING Defendants' Motion to Sever (Docket No. 1193, 1224)

## I.   INTRODUCTION

Defendant Kelvin Melgar (Docket No. 1272), joined by Defendants Paul Cortez Jovel (Docket No. 1294) and Juan Fuentes (Docket No. 1300), moves to dismiss the indictment based on government abuse of the grand jury process. Jovel moves to dismiss the indictment and Overt Acts 120, 122, 147, 148, 151–153, 155, and 158. (Docket No. 1294 at 2.) Fuentes moves to dismiss the indictment and Overt Acts 21, 22, 27–29, 33, 84, 89, 90, 96, 98, 103–107, 114, 129, and 132. (Docket No. 1300 at 2.) The government concedes that the Court should strike Overt Acts 1, 21, 27–29, 33, 84, 91, 110, 111, 116, 117, 120, 121, 127, 128, 132, 137, 143–146, and 158. (Docket No. 1325.) The Court previously dismissed Overt Acts 108 and 109 as well as Racketeering Act 15 in Count One. (Docket No. 1308.)

Melgar and Defendant Pedro Lopez also move to sever their offenses or their cases from their co-defendants pursuant to Federal Rule of Criminal Procedure 14, asserting that they will be unduly prejudiced if they are tried with their co-defendants (Docket No. 1193). Defendant Carlos Cuentas joins in their motion. (Docket No. 1224.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

## II.  LEGAL STANDARD

### A.  Dismissal for Abuse of the Grand Jury Process

The Court may dismiss an indictment for two reasons.  "First, a court may dismiss an indictment if it perceives constitutional error that interferes with the grand jury's independence and the integrity of the grand jury proceeding."  United States v. Isgro, 974 F.2d 1091, 1094 (9th Cir. 1992).  "Constitutional error is found where the structural protections of the grand jury have been so compromised as to render the proceedings fundamentally unfair, allowing the presumption of prejudice to the defendant."  Id. (citation and quotation marks omitted).  "Second, a district court may draw on its supervisory powers to dismiss an indictment."  Id.  "Before it may invoke this power, a court must first find that the defendant is actually prejudiced by the misconduct.  Absent such prejudice — that is, absent 'grave doubt that the decision to indict was free from the substantial influence of [the misconduct]' — a dismissal is not warranted."  Id. (quoting Bank of Nova Scotia v. United States, 487 U.S. 250, 256 (1988)).  "[A] district court may properly dismiss an indictment only if the prosecutorial misconduct (1) was flagrant, and (2) caused substantial prejudice to the defendant."  United States v. Jacobs, 855 F.2d 652, 655 (9th Cir. 1988) (citations omitted).

The Ninth Circuit has recently explained "that for errors brought to the district court's attention 'prior to the conclusion of the trial,' dismissal of the indictment 'is appropriate only if it is established that the violation substantially influenced the grand jury's decision to indict or if there is grave doubt that the decision to indict was free from the substantial influence of such violations.'"  United States v. Navarro, 608 F.3d 529, 539 (9th Cir. 2010) (quoting Bank of Nova Scotia, 487 U.S. at 256).

### B.  Severance

Federal Rule of Criminal Procedure 14 provides that "[i]f the joinder of offenses or defendants . . . appears to prejudice a defendant," then "the court may . . . sever the defendants' trials, or provide any other relief that justice requires."  "[W]hen defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence."  Zafiro v. United States, 506 U.S. 534, 539 (1993).  "When the risk of prejudice is high, a district court is more likely to determine that separate trials are necessary, but . . . less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice."  Id.  Generally, "[t]here is a preference in the federal system for joint trials of defendants who are indicted together."  Id. at 537.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

### III.   DISCUSSION

### A.   Dismissal for Abuse of the Grand Jury Process

#### 1.   Evidentiary Deficiencies

The government concedes that Overt Acts for which no evidence was presented to the grand jury should be stricken. Specifically, the government does not oppose striking Overt Acts 1, 21, 27–29, 33, 84, 91, 110, 111, 116, 117, 120, 121, 127, 128, 132, 137, 143–146, and 158. (Docket No. 1325.) These Overt Acts are stricken.

The government does oppose, however, striking the Overt Acts for which some evidence was presented. Specifically, the government opposes Jovel's motion to strike Overt Acts 122, 147, 148, 151–153, and 155. In support of his motion, Jovel argues that "[t]he government, at most, provided no more than broadly general evidence to support" these Overt Acts. (Jovel Joinder 2.) The government also opposes Fuentes's motion to strike Overt Acts 22, 89, 90, 96, 98, 103–107, 114, and 129. In support of his motion to strike these Overt Acts, Fuentes makes the same argument - "[t]he government, at most, provided no more than broadly general evidence to support" these Overt Acts. (Fuentes Joinder 2.)

"Generally speaking, 'an indictment valid on its face is not subject to challenge on the ground that the grand jury acted on the basis of inadequate or incompetent evidence.'" The government opposes striking these acts. United States v. Renzi, 651 F.3d 1012, 1027 (9th Cir. 2011) (quoting United States v. Calandra, 414 U.S. 338, 345 (1974) (citations omitted)). This rule is in place because "a grand jury's use of inadequate or incompetent evidence 'involve[s] no independent governmental invasion of one's person, house, papers, or effects, but rather the usual abridgment of personal privacy common to all grand jury questioning.'" Id. (quoting Calandra, 414 U.S. at 354). The "appropriate remedy" is therefore "the regular operation of generally applicable rules of procedure and evidence at trial." Id. (citing Calandra, 414 U.S. at 354). "Because that remedy bears no relation to a grand jury's deliberations, there is no cause to go behind the face of the indictment in ordinary cases." Id. (citing Calandra, 414 U.S. at 345–46). An "allegation of insufficient evidence before the grand jury, even if meritorious, would not rise to the level of a fundamental defect."[1] United States v. Hickey, 367 F.3d 888,

---

[1] The government has pointed to evidence it offered to the grand jury to support certain charges and overt acts. For example, the government points to evidence it provided in support of Overt Act 64. (Gov't Unredacted Opp'n 3 (citing Docket No. 1286, Melgar Mot. to Dismiss Indictment (Melgar Mot.), Ex. A, Federal Grand Jury Tr. (Grand Jury Tr.) 180:7–181:12, April 22, 2009).) The government further points to evidence it offered in support of Count 15. (E.g., id. at 4–5 (citing Melgar Mot., Ex. B, Grand Jury Tr. 96:15–100:17, April 29, 2009).)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

894 (9th Cir. 2004).  For this reason, Defendants' insufficient evidence arguments as to a subset of Overt Acts, taken in the context of all the evidence presented to the grand jury, are not enough to compel dismissal of the indictment.

### 2.     Abuse of the Grand Jury Process — Constitutional Grounds

The Ninth Circuit has clearly held that "prosecutors simply have no duty to present exculpatory evidence to grand juries." Isgro, 974 F.2d at 1096.  Accordingly, failure to disclose exculpatory evidence cannot be a constitutional ground for finding an abuse of the grand jury process.

Melgar refers to allegedly false or misleading testimony from Los Angeles Police Department (LAPD) Detective Frank Flores.  (Melgar Unredacted Mot. to Dismiss Indictment 5.)  This testimony, however, when considered in the context of all the evidence presented by the government to the grand jury as to the RICO Conspiracy alleged in Count One, Overt Acts 64, 111, 116, 117, 127, 128, 137, 143, 144, and 145 (Gov't Unredacted Opp'n 2:16–24, 3:6–27) and Count 15, VICAR Murder Conspiracy, (id. at 4:7–15), is insufficient for the Court to conclude that the "structural protections of the grand jury have been so compromised as to render the proceedings fundamentally unfair" or that any "presumption of prejudice" applied to Melgar.  The false or misleading testimony Melgar refers to in his motion, when taken in context, falls well short of the showing necessary to dismiss the indictment on constitutional grounds.  Jovel and Fuentes provide no independent arguments or evidence in their joinders to Melgar's motion.  Defendants have failed to convince the Court that dismissal on constitutional grounds is appropriate.

### 3.     Abuse of the Grand Jury Process — Supervisory Powers

Melgar also fails to show that he was actually prejudiced by Flores's testimony or that the government's conduct was flagrant.  His argument that Flores's "false testimony . . . obviously influenced the grand jury's decision to charge Mr. Melgar with Overt Act [64] of Count 1" is a summary argument that falls short of the requisite showing of prejudice necessary to invoke the Court's supervisory powers to dismiss the indictment.  The government, as referenced above, has pointed to ample evidence to support the grand jury's indictment of Melgar with respect to both the RICO and VICAR charges, and Melgar's non-specific arguments as to prejudice cannot lead to a finding that Melgar was "actually prejudiced" by Flores's false testimony.  Melgar's prejudice claims made at the January 16, 2013 hearing do not change this result.  (See Tr. 60:15–61:5, Jan. 16, 2013).  In any event, Melgar has failed to show that the government's conduct before the grand jury was flagrant and thus that dismissal is appropriate.  Jovel and Fuentes again provide no independent argument or evidence in their joinders to Melgar's motion.  The Court will not dismiss the indictment pursuant to its

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

supervisory powers.

Melgar has, in the alternative, moved to strike certain overt acts and the government has conceded that those overt acts, as well as certain related overt acts, should be stricken. That – not dismissal of the indictment – is the proper remedy.

### 4. Striking Overt Acts

The government concedes that, as to Melgar, Jovel, and Fuentes, it is proper to strike Overt Acts 1, 21, 27–29, 33, 84, 91, 110, 111, 116, 117, 120, 121, 127, 128, 132, 137, 143–146, and 158 in Count One of the indictment. In his reply, Melgar argues that the Court has no power to do so in the absence of a defense motion — and contends he has made no such motion. The Court has the power to strike allegations in an indictment so long as it does not "alter the material and essential nature of an indictment or broaden the offense charge." United States v. Lyman, 592 F.2d 496, 500 (9th Cir. 1979) (en banc). Even assuming a defense motion is required, Melgar moved the Court to strike certain overt acts from the indictment. (Melgar Unredacted Motion to Dismiss 12–13; Docket No. 1286.)[2]

The government correctly concludes that the remaining portion of the indictment as to Melgar is sufficient to support the instant RICO and VICAR conspiracy charges against him, independent of the overt acts. See Salinas v. United States, 522 U.S. 52, 63 (1997) (finding that there is "no requirement of some overt act or specific act in [RICO], unlike the general conspiracy provision applicable to federal crimes"). The government provided at least some evidence to the grand jury sufficient to indict Melgar for Overt Acts 64, 134, and 138–40. These are more than sufficient to support a RICO charge. Moreover, Overt Acts 138–140 are more than sufficient to establish Melgar's role in the alleged VICAR conspiracy to kill Flores. Accordingly, Melgar's motion to dismiss the indictment and motion to dismiss the RICO and VICAR counts against him are DENIED.

### B. Severance

In arguing for severance, Melgar and Lopez claim that without severance they cannot obtain exclusion of evidence that:

> (1) defendant Rivera allegedly intimidated a witness by placing a gun to the witness' head in 2001 (Racketeering Act 5); (2) that defendant Martinez allegedly murdered

---

[2] Specifically, Melgar argued that "Because the government apparently presented no evidence regarding Overt Acts 1, 121, and 146, Count 1 must be dismissed. At minimum, those Overt Acts should be stricken from the Indictment." (Melgar Mot. to Dismiss Indictment 13.) He repeated this request as to Overt Acts 110–11, 127–28, 137, and 143–145. (Id. 13–14.)

Erick Flores in 2003 (Racketeering Act 8); (3) that defendant Martinez allegedly murdered Ileana Lara in 2003 (Racketeering Act 9); (4) that cooperating defendant Vasquez-Landaver committed an armed robbery of a jewelry store in 2003 (Racketeering Act 10); (5) that defendant Bollanos allegedly murdered Thomas Caballero in 2003 (Racketeering Act 12); and (6) that defendant Jovel and cooperating defendant Girion allegedly murdered Jorge Bernal in 2006 (Racketeering Act 17.)

(Defs.' Mot. for Severance 10–11.) They assert that "[n]one of this highly prejudicial evidence likely would be admissible at trial against Mr. Melgar and Mr. Lopez." (Defs.' Mot. for Severance 11.) They conclude by arguing that "even a limiting instruction will not cleanse the trial of the inherent and obviously prejudicial and inflammatory evidence introduced against other defendants." (Id.) At this pre-trial stage, however, these arguments do not amount to a claim that a "specific trial right" will be compromised by a joint jury trial, particularly where the government has alleged that Melgar and Lopez, among numerous defendants, participated in a vast conspiracy with sophisticated and coordinated strategy.

In any event, the Ninth Circuit has affirmed cases in which "the district court use[d] great diligence in instructing the jury to separate the evidence, [rendering] severance [] unnecessary because the prejudicial effects of the evidence of codefendants are neutralized." United States v. Stinson, 647 F.3d 1196, 1205 (9th Cir. 2011) (citation and quotation marks omitted). Further, this is not a case in which Melgar and Lopez claim to be asserting "mutually exclusive defenses, such that severance is a prerequisite to the defendants' due process rights to mount a defense." Id. (citations and quotation marks omitted). If it later becomes clear that Melgar and Lopez will raise defenses mutually exclusive to those raised by their co-defendants, they may renew their severance motion. The instant motion, however, is DENIED without prejudice.

## IV. CONCLUSION

For the reasons above, Overt Acts 1, 21, 27–29, 33, 84, 91, 110, 111, 116, 117, 120, 121, 127, 128, 132, 137, 143–146, and 158 in Count One of the indictment are stricken. The motions to dismiss the indictment are DENIED.

For the reasons above, Melgar and Lopez's severance motion is DENIED without prejudice. Melgar and Lopez may move for appropriate limiting instructions in limine or at trial. If it becomes clear that severance is appropriate, Melgar and Lopez may raise their motion at the in limine stage.

IT IS SO ORDERED.